UNITED STATES BANKRUPTCY COURT         WE-32-1
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT HAMMOND

IN RE:                              )
KEVIN D. KREMBS                     )
                                    )      BANKRUPTCY NO. 10-23222
                                    )
            Debtors                 )

### HARDSHIP DISCHARGE OF CHAPTER 13 DEBTOR IN CASE FILED UNDER THE BANKRUPTCY ABUSE PREVENTION AND CONSUMER PROTECTION ACT OF 2005

This Chapter 13 case comes before the Court on Motion filed by the Debtors on the 7th day of August, 2013, for a hardship discharge pursuant to 11 U.S.C. §1328(b).  Notice and opportunity to object to said Motion or request a hearing on said Motion was given to the Trustee, U.S. Trustee, and all creditors and parties in interest pursuant to Notice by the Clerk of this Court.  No objections or requests for hearing have been filed.

It appearing that the above-named Debtors have filed a Petition commencing a case under Chapter 13 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 on July 10, 2010, and have not completed payments under the plan, and it having been determined:  (a) that the Plan of the Debtors was confirmed by Order dated October 21, 2010; (b) that the failure of the Debtors to complete such payments is due to circumstances for which the Debtors could not justly be held accountable; (c) that the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the Debtors had been liquidated under Chapter 7 of the Code; (d) modification of the plan under Section 1329 of the Code is not practicable; (e) that a Certification of Completion of Instructional Course Concerning Financial Management has been filed by the Debtors as required by §1328(g)(1), Fed. R. Bk. P. 1007(b)(7), and Fed. R. Bk. P. 1007(c); (f) that the Debtors(s) (has)(have) not received a discharge (1) in a case filed under Chapters 7, 11, or 12 during the 4-year

period preceding the date of Order of Relief; or (2) in a case filed under Chapter 13 during the 2-year period preceding the date of such Order; and, (g) that there is no proceeding pending in which the Debtors may be found guilty of a felony described in 11 U.S.C. §522(q)(1)(A), or liable for a debt of the kind described in 11 U.S.C. §522(q)(1)(B), and there is no reasonable cause to believe that 11 U.S.C. 522(q)(1) might apply to the Debtors. It is therefore,

**ORDERED,**

1. That the above-named Debtors are discharged from all unsecured debts provided for by the plan or disallowed under 11 U.S.C. §502, except as is provided in 11 U.S.C. §1328(c) which exempts from discharge any debt: (1) provided for in §1322(b)(5); or, (2) of the kind specified in 11 U.S.C. §523(a).

2. That the Trustee is directed to file with the Court a final report and account within 30 days from the entry of this Order, which shall include an accounting of all receipts and distributions made.

3. That the Court hereby notifies all creditors that the bar date for filing complaints to determine dischargeability of any debt under §523(a)(6) pursuant to Fed. R. Bk. P. 4007(d) is the 4th day of December, 2013.

Dated: September ___, 2013

_____
JUDGE, U.S. BANKRUPTCY COURT

Distribution
Debtors, Attorney for Debtors
Trustee, U.S. Trustee
All Creditors